**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOAO OLAVE RANGEL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1548-G** |
| | ) | |
| **ROBERT CERNA, Field Office Director** | ) | |
| **of Enforcement and Removal Operations,** | ) | |
| **Dallas Field Office, Immigration and** | ) | |
| **Customs Enforcement, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Petitioner Joao Olave Rangel filed a Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241, challenging Petitioner's detention by U.S. Immigration and Customs Enforcement ("ICE"). In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Amanda L. Maxfield for preliminary review. Certain Respondents filed an Answer (Doc. No. 10).[1]

On July 31, 2026, Judge Maxfield issued a Report and Recommendation ("R. & R.," Doc. No. 11), recommending that the Petition be granted in part. Respondents timely filed an Objection (Doc. No. 12).

Pursuant to controlling authority, the Court must make a de novo determination of the portions of the R. & R. to which a specific objection has been made, and the Court may

[1] The appearing respondents are: Field Officer Director Cerna; U.S. Attorney General Todd Blanche; Markwayne Mullin, Secretary of U.S. Department of Homeland Security; and U.S. Department of Homeland Security.

accept, modify, or reject the recommendation in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

*I. Background*

Petitioner is a citizen of Venezuela who entered the United States on or about September 7, 2022. R. & R. at 2. On May 24, 2026, ICE detained Petitioner, and he is currently in removal proceedings. *Id.*

Petitioner is detained in ICE custody at Cimarron Correctional Facility in Cushing, Oklahoma. Pet. ¶ 1. In the Petition, Petitioner alleges that he has not received an individualized bond hearing and that his ongoing detention violates his right to due process. *See id.* ¶¶ 1, 6, 18, 34-41.

*II. The Report and Recommendation*

In the R. & R., Judge Maxfield determined in relevant part that 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)(A), governs Petitioner's detention. *See* R. & R. at 3-5 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (2026)). Accordingly, Judge Maxfield concluded that Petitioner is entitled to a bond hearing due to violation of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq., and recommended that the Court decline to address Petitioner's remaining claims. *See* R. & R. at 4-7; Answer at 1-2.[2]

[2] "Generally, 8 U.S.C. § 1225 mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Bello Rodriguez v. Diamondback Installation Dir.*, No. CIV-26-1188-D, 2026 WL 2364679, at *1 (W.D. Okla. Aug. 14, 2026) (internal quotation marks omitted). "In comparison, § 1226 provides the noncitizen with the opportunity for a bond hearing." *Id.* (citing *Santillan Quiroz*, 180 F.4th at 1237 ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond).")).

As noted in the R. & R., the Tenth Circuit has held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the border of the United States. *Santillan Quiroz*, 180 F.4th at 1239. The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to § 1226(a) (and thus eligible for bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

Respondents correctly state that this matter is controlled by *Santillan Quiroz*. *See* Resp'ts' Obj. at 1-2. Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. Pet. ¶ 18; *see Santillan Quiroz*, 180 F.4th at 1233. And, as in *Santillan Quiroz*, Petitioner has been held in detention without a bond hearing or other "opportunity to argue for release." *Santillan Quiroz*, 180 F.4th at 1234; *see* Pet. ¶ 6. Accordingly, the mandatory-detention requirement of § 1225(b)(2)(A) is inapplicable. *See Santillan Quiroz*, 180 F.4th at 1246-51. Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to a bond hearing. *Id.* at 1251 n.13.[3]

---

[3] Because the undersigned finds that habeas relief is warranted on this basis, the Court need not address Petitioner's other claims. *See* R. & R. at 6-7; *Ghaly v. Figueroa*, No. CIV-26-616-G, 2026 WL 2474438, at *2 & n.3 (W.D. Okla. Aug. 21, 2026).

## CONCLUSION

In accordance with the above, the Report and Recommendation (Doc. No. 11) is ADOPTED in its entirety.

IT IS THEREFORE ORDERED:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's claim for relief due to violation of the INA.

2. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.

3. Petitioner's remaining claims for relief are DISMISSED without prejudice.

4. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

5. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 25th day of November, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge